**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS RUIZ, | No. 23-15777 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00206-RCJ-CSD |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS; YISROEL ROSKAMM, Rabi : #6 AC; MARY HENRY, #6 AC; RENEE BAKER, Warden, #6 AC; JAMES DZURENDA, #6 AC; STEVE SISSOLAK, #6 AC; AARON FORD, #6 AC; BARBARA CEGAVASKE, #6 AC; TARA CARPENTER, #6 AC; H. WICKHAM, #6 AC; STAMMERJOHN, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted October 20, 2025 **

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

Nevada state inmate Carlos Ruiz, who practices Messianic Judaism, appeals the district court's denial of a permanent injunction, following a jury trial, on his claims alleging violations of the free exercise clause and Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review the district court's denial of the permanent injunction for an abuse of discretion. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo. *Johnson v. Baker*, 23 F.4th 1209, 1214 (9th Cir. 2022).  We affirm.

Ruiz sought an injunction ordering the prison to provide free grape juice and bread for Sabbath.  However, Ruiz's request for injunctive relief is moot in light of his transfer to a new facility, failure to demonstrate a reasonable expectation of returning to the previous facility, and testimony that he was receiving the items at the new facility.  *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).  Even if he returns to the prior facility, the items are available free, upon request, from the chaplain.  Ruiz's argument that the prison should pay for the items lacks merit.  "RLUIPA does not require a State to pay for an inmate's devotional accessories." *Cutter v. Wilkinson*, 544 U.S. 709, 720 n.8 (2005).

2

The district court acted within its discretion by denying Ruiz's request that the court order the prison to provide a diet of organic meats, vegetables, and fruit, instead of the common fare religious diet provided to Jewish inmates by the prison.[1] The defendants established that providing a fully-organic diet to Ruiz and other similarly situated inmates: (1) would be significantly more expensive than the budgeted meals and common fare diet that defendants were providing to inmates with religious dietary needs and (2) would undermine the prison's ability to more efficiently provide religious meals to inmates. The free exercise claim failed because the defendant established that denial of the organic diet was reasonably related to legitimate interests of keeping the costs of meals within budget and simplifying the administrative process of meal service. *See Shakur v. Schriro*, 514 F.3d 878, 886 (9th Cir. 2008) (holding that the prison "could rationally conclude that denying Muslim prisoners kosher meals would simplify its food service and reduce expenditures"). For the RLUIPA claim, defendants established that they used the least restrictive means of furthering compelling interests of providing cost-efficient, simplified food service for all religions within

---

[1]Ruiz's transfer to another facility does not moot this request because Ruiz challenged a state-wide regulatory policy that applies at the new prison and testified that he was receiving the common fare diet at the new prison. *Baker*, 23 F.4th at 1214 n.2.

the budget provided by the legislature.  *See Baker*, 23 F.4th at 1216-17 (setting forth the prison's burden of proof under RLUIPA).

We decline to consider claims or issues not specifically raised and argued in the Opening Brief.  *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Defendants' motion to dismiss or for summary affirmance (Dkt. Entry No. 26) is DENIED as moot.

**AFFIRMED.**